UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 10-1525-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

      On March 16, 2010, Jay Williams ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under Title II of the Social Security Act. On September 14, 2010, the Commissioner filed an Answer to the Complaint. On January 3, 2011, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

      Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff was born on July 31, 1946, and was 57 years old on his alleged disability onset date of February 29, 2004. (AR 75.) Plaintiff filed an application for Disability Insurance Benefits on January 19, 2007 (AR 75-79), and claims he is disabled due to a right knee injury. (AR 88-89.) Plaintiff has not engaged in substantial gainful activity since his alleged disability onset date. (AR 13, 89.)

Plaintiff's claim was denied initially on June 1, 2007 (AR 48-51), and on reconsideration on August 24, 2007. (AR 54-58.) Plaintiff filed a timely request for hearing on August 27, 2007. (AR 59.) Plaintiff appeared without counsel and testified at a hearing held on May 15, 2008, before Administrative Law Judge ("ALJ") Robert A. Evans. (AR 22-42.) The ALJ issued a decision denying benefits on June 12, 2008. (AR 11-19.) Plaintiff filed a timely request for review of the ALJ's decision. (AR 4.) On January 22, 2010, the Appeals council denied review. (AR 1-3.) Plaintiff then commenced the present action.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, there are four disputed issues:

1. Whether the ALJ properly considered the opinion of a treating physician;
2. Whether the ALJ properly assessed Plaintiff's residual functional capacity;
3. Whether the ALJ properly determined that Plaintiff's right knee impairment did not meet or equal a listed impairment; and
4. Whether the ALJ posed a complete hypothetical to the vocational expert.

(JS at 3-4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v.

Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a

severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**DISCUSSION**

**A.      The ALJ's Decision**

In this case, the ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since February 29, 2004, his alleged disability onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff suffers from the following severe impairment: right knee injury with medial meniscus tear and a partial or full thickness tear of the anterior cruciate ligament. (AR 13.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 13.)

The ALJ found that Plaintiff has the RFC to "lift and carry 50 pounds occasionally and 25 pounds frequently, stand/walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday[,] and occasional kneeling." (AR 13-17.)

At step four, the ALJ determined that Plaintiff could not perform his past relevant work as a baker or dough mixer. (AR 18.)

At step five, the ALJ relied on the testimony of a vocational expert in determining that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically cleaner and packager. (AR 18-19.) The ALJ therefore concluded that Plaintiff is not disabled. (AR 19.)

**B.      The ALJ Did Not Properly Evaluate the Treating Physician's Opinion.**

Plaintiff contends that the ALJ did not properly evaluate the opinion of a treating physician, Dr. Mark Greenspan. (JS at 3-5, 8.) The Court agrees.

**1.      Relevant Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See

20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**2.  Analysis**

Dr. Greenspan was Plaintiff's Worker's Compensation secondary treating physician. (AR 14, 149.) He treated Plaintiff from August 2004 through September 2005. (AR 152.) In his permanent and stationary report dated September 13, 2005, Dr. Greenspan opined,

among other things, that Plaintiff "is precluded from the performance of climbing, walking over uneven ground, squatting, kneeling, crouching, crawling, and pivoting, or other activities involving comparable physical effort." (AR 156.) As the ALJ noted, Dr. Greenspan's opinion of these limitations was contradicted by the consultative examining orthopedist, who believed that Plaintiff's only postural limitation was the capacity to tolerate only occasional kneeling. (AR 15, 236.) The ALJ was therefore required to provide specific and legitimate reasons to reject Dr. Greenspan's opinion. The ALJ failed to do so.

The only reason the ALJ provided for rejecting the limitations assessed by Dr. Greenspan is that they were allegedly "not supported by the objective findings relative to the right knee from the clinical examinations." (AR 16.) The ALJ provided no further explanation of his rationale, and he did not mention any of Dr. Greenspan's objective findings. Dr. Greenspan's diagnostic impression was that Plaintiff's right knee had a bucket-handle tear of the medial meniscus, osteonecrosis of the medial tibial plateau, and a strain or partial tear of the anterior cruciate ligament. (AR 155.) As objective findings or factors of disability, Dr. Greenspan noted: March 2004 MRI findings that supported his diagnoses; "tenderness of the medial joint line and lateral joint line of the right knee;" "a 25-degree loss of flexion of the right knee;" "a varus appearance to both knees;" increased pain in the right knee upon toe walking, heel walking and squatting; inability to duck walk due to "limiting pain in the right knee;" and patellofemoral crepitation in the right knee. (AR 156.) The ALJ did not account for these findings when he stated that "the objective findings relative to the right knee from the clinical examinations" do not support Dr. Greenspan's assessed limitations. (AR 16.) Because Dr. Greenspan's objective findings appear to substantiate his assessed limitations, the Court finds that the ALJ did not provide a legitimate reason for rejecting Dr. Greenspan's opinion.

The Court cannot conclude that the ALJ's error in rejecting Dr. Greenspan's opinion was harmless. There is no evidence in the record that Plaintiff could perform jobs that exist

in significant numbers in the national economy if the limitations noted by Dr. Greenspan are credited. Remand is warranted for the ALJ to reevaluate Dr. Greenspan's opinion.[2]

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding for further proceedings in accordance with law and with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 22, 2011            /s/ John E. McDermott
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the Court's remand order, the Court need not adjudicate Plaintiff's other challenges to the ALJ's decision. The Court notes, however, that Plaintiff's arguments that the ALJ improperly assessed Plaintiff's RFC and did not pose a complete hypothetical to the vocational expert are derivative of his argument that the ALJ erred in rejecting Dr. Greenspan's opinion. (JS at 8-9, 11, 16-18.) The ALJ's reevaluation of Dr. Greenspan's opinion will impact his determination of Plaintiff's RFC and his hypothetical to the vocational expert. In addition, the ALJ is free to reconsider whether Plaintiff's impairment meets or medically equals a listed impairment.